[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15381
Non-Argument Calendar

_____

D.C. Docket No. 01-00027-CR-ORL-31DAB

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RANDALL L. ATWELL,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 29, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Randall L. Atwell, through counsel, appeals the sentence imposed by the

district court following the court's <u>sua sponte</u> reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), and the denial of his post-order motion for reconsideration. Atwell's sentence reduction was based on Amendment 706 to the Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Atwell argues that the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended guideline range. Atwell asserts that, despite the language of U.S.S.G. § 1B1.10, which constrains the court's authority to vary from the amended range, that section, like all of the Guidelines, is merely advisory under <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Atwell also argues that the court imposed an unreasonable sentence by applying the guidelines as mandatory and failing to specifically discuss the applicability of the 18 U.S.C. § 3553(a) factors.

"We review <u>de novo</u> a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." <u>United States v. James</u>, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing

2

Commission." Id. The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

If the defendant is eligible for a sentence reduction, the district court must consider the § 3553(a) factors in deciding whether to grant the reduction and, if so, the extent of it. United States v. Williams, No. 08-11361, manuscript op. at 6-7 (11th Cir. Feb. 9, 2009). "The district court is not required to articulate specifically the applicability, if any, of each factor, as long as the record as a whole 'demonstrates that the pertinent factors were taken into account by the district court.'" United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (quoting United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997)).

Upon review of the record and the parties' briefs, we discern no reversible error. Atwell's argument that the court erred in refusing to sentence him below the amended guideline range is foreclosed by precedent. We recently held that Booker does not apply to § 3582(c)(2) proceedings and thus the court is bound by the limitations imposed by § 1B1.10 and does have the authority to sentence below the amended guideline range. See United States v. Melvin, No. 08-13497, manuscript op. at 7 (11th Cir. Feb. 3, 2009) (holding that Booker does not "prohibit the

3

limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664). Furthermore, the record demonstrates that the district court adequately accounted for the § 3553(a) factors in arriving at Atwell's amended 168-month sentence. Accordingly, we affirm.

**AFFIRMED.**